## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) ERIN MICHELLE DUFFY,    )
    )
        Plaintiff,    )
    )
v.    )    Case No.  CIV-16-1445-C
    )
(2) NORVIN DWIGHT GARRARD, and )
(3) SAFECO INSURANCE COMPANY  )
    OF AMERICA, a foreign insurance    )
    corporation,    )
    )
        Defendants.    )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Safeco Insurance Company of America ("Safeco") hereby removes the above-captioned action from the District Court of Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.  In support of this removal, Safeco states as follows:

1.    On October 22, 2013, Plaintiff Erin Duffy ("Plaintiff") commenced an action in the District Court of Oklahoma County, Oklahoma, entitled *Erin Duffy v. Norvin Dwight Garrard*, Case No. CJ-2013-5804, and on November 14, 2016, Plaintiff filed a First Amended Petition, which added Safeco Insurance Company

of America as a party; the First Amended Petition was served on Safeco on November 29, 2016 (the "State Court Action").  A true copy of the state court docket sheet is attached as Exhibit 1.  All process, pleadings, and orders filed or served in the State Court Action are attached hereto as Exhibits 2 through 33.

2.     Plaintiff is currently a Colorado citizen and was a Colorado citizen at the time of the filing of both the Petition and the Amended Petition. Defendant Dwight Garrard ("Garrard") is a citizen of Oklahoma.  Defendant Safeco is a company organized under the laws of the State of New Hampshire with its principal place of business in Boston, Massachusetts.

3.     In accordance with 28 U.S.C. § 1446(b)(1), this action has been removed within thirty (30) days of the service of Plaintiffs' Amended Petition on Safeco on November 29, 2016.

4.     The Western District of Oklahoma includes the state judicial district in which Plaintiff filed her Amended Petition.

5.     Safeco respectfully submits that as Plaintiff is a Colorado citizen and has been ever since the filing of the Petition, Defendant Garrard is an Oklahoma citizen, and Safeco is a company organized under the laws of the State of New Hampshire with its principal place of business in Boston, Massachusetts, this is a

civil action over which this Court has original jurisdiction based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C § 1332, and which may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  Plaintiff's citizenship is determined by her citizenship at the time of the filing of the action. *See Grynberg v. Kinder Morgan Energy, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("For purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing.").

6.    Safeco submits that even if Plaintiff and Defendants were not citizens of diverse states, the Court should disregard Garrard's presence in this litigation on grounds that Plaintiff's First Amended Petition alleges that she has entered into an agreement to settle her claim against Defendant Garrard and his liability carrier.  (*See* First Amended Petition, attached as Exhibit 27, at ¶ 9 ("Plaintiff intends to settle its claim against Defendant Garrard and his liability carrier for policy limits . . . .").  *See Turley v. Stillwell*, 2011 U.S. Dist. LEXIS 30278, *18-25 (N.D. Okla. Mar. 22, 2011) (where the parties signed a mediation agreement that eliminated a non-diverse defendant as a party in interest, the case became removable); *Evans v. Metro Prop. & Cas. Ins. Co.*, 2013 U.S. Dist. LEXIS

180330, *5-6 (W.D. Okla. Dec. 26, 2013) (applying *Turley* and concluding that notice of a settlement with a non-diverse defendant via email was sufficient to trigger the opportunity for removal and formal dismissal pursuant to the settlement agreement was not required).

7.      Safeco also submits that under the facts and procedural history of this case, the one-year time limit for removal under 28 U.S.C. § 1446 is inapplicable. The one-year limitation for removal pursuant to Section 1446 only applies to cases that were not initially removable. *See, e.g., Anderson v. Ford Motor Co.,* 303 F. Supp. 2d 1253, 1256 (W.D. Okla. Jan. 8, 2004) (holding the one-year limitations period only applies to diversity cases not originally removable).[1]  As discussed above, this case has always been removable because Plaintiff is a citizen of Colorado, Defendant Garrard is a citizen of Oklahoma, and Defendant Safeco is a company organized under the laws of the State of New Hampshire with its principal place of business in Boston, Massachusetts. Accordingly, the one-year limitation for removal does not apply.

8.      Alternatively, Safeco submits that the one-year deadline for removal is inapplicable as Plaintiff acted in "bad faith" in order to prevent Safeco from

---

[1] *Anderson* interpreted an earlier version of Section 1446, but Defendant respectfully submits its holding in this respect is still good law.

removing this action by delaying naming Safeco as a party or serving Safeco with this action until after one year from the date of the filing of the original Petition. *See* 28 U.S.C. 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.").

9.     Contemporaneous with Safeco's filing of this Notice, Safeco will serve written notice to Plaintiffs' counsel of this filing, as required by 28 U.S.C. § 1446(d).

10.     Defendant Safeco shall likewise file a true and correct copy of its Notice of Removal with the Clerk of the District Court in and for Oklahoma County, State of Oklahoma, as required by 28 U.S.C. §1446(d).

Respectfully submitted,

s/William W. O'Connor

William W. O'Connor, OBA No. 13200
Margo E. Shipley, OBA No. 32118
**NEWTON O'CONNOR TURNER & KETCHUM, P.C.**
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma 74119-5423
(918) 587-0101 telephone
(918) 587-0102 facsimile
boconnor@newtonoconnor.com
mshipley@newtonoconnor.com

**ATTORNEYS FOR DEFENDANT, SAFECO
INSURANCE COMPANY OF AMERICA**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of December, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Bradley H. Mallett
Mark Ramsey
C. Eric Pfanstiel
Kassie N. McCoy
**ATTORNEYS FOR PLAINTIFF**


Scott D. Caldwell
**ATTORNEYS FOR DEFENDANT,
NORVIN DWIGHT GARRARD**


s/William W. O'Connor
William W. O'Connor